1
2
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**

9                           **SOUTHERN DISTRICT OF CALIFORNIA**

10   RAYMOND STOUTENBURG,              CASE NO. 16cv984-WQH-DHB

11                        Plaintiff,   ORDER

12          v.
     BANK OF AMERICA, N.A.;
13   NATIONSTAR; COUNTRYWIDE
     HOME LOANS; HSBC BANK USA,
14   NATIONAL ASSOCIATION AS
     TRUSTEE FOR THE HOLDERS OF
15   THE MERRILL LYNCH
     INVESTORS INC., MORTGAGE
16   PASS-THROUGH CERTIFICATES,
     MANA SERIES 2007-AOR5;
17   RECONSTRUCT COMPANY; and
     DOES 1 through 100, inclusive.
18
                          Defendants.
19   HAYES, Judge:

20          The matter before the Court is the Motion to Dismiss (ECF No. 8) filed by

21   Defendants Bank of America, N.A. ("Bank of America"); Countrywide Home Loans

22   ("Countrywide"); HSBC Bank USA, National Association, as Trustee for the Holders

23   of the Merrill Lynch Investors, Inc. Mortgage Pass-Through Certificates, Mana Series

24   2007-AOR5 ("HSBC"); and Recontrust Company ("Recontrust") on  June 28, 2016.

25   **I. Background**

26          On April 22, 2016 Plaintiff Raymond Stoutenburg initiated this action by filing

27   the Complaint (ECF No. 1).  The Complaint alleges the following nine causes of action:

28   (1) cancellation of instruments pursuant to California Civil Code § 3412 against all

1   Defendants; (2) quiet title pursuant to California Code of Civil Procedure § 760.020
2   against all Defendants; (3) wrongful foreclosure in violation of California Civil Code
3   § 2924(a)(6) and California Commercial Code § 3301 against all Defendants; (4)
4   wrongful foreclosure in violation of California Civil Code §§ 2923.6(c), 2924.18(a)(1)
5   against all Defendants; (5) violations of the Rosenthal Fair Debt Collections Act under
6   California Civil Code § 1788, et seq. against Defendant Nationstar; (6) promissory
7   estoppel against Defendant Nationstar; (7) violation of the Real Estate Settlement
8   Procedures Act ("RESPA") pursuant to 12 U.S.C § 2605(e) against all Defendants; (8)
9   unlawful, unfair or deceptive practices in violation of California Business and
10  Professions Code § 17200 against all Defendants.  (ECF No. 1)

11      On June 28, 2016, Defendants filed the Motion to Dismiss pursuant to Rules
12  12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. (ECF No. 8).  On June
13  28, 2016, Defendants also filed a Request for Judicial Notice in support of the Motion
14  to Dismiss.  (ECF No. 9).  Defendants requested judicial notice of the following five
15  documents: (1) Payment Advantage Fixed/Adjustable Rate Note (Exhibit A, ECF No.
16  9-1); (2) Deed of Trust (Exhibit B, ECF No. 9-2); (3) Assignment of Deed of Trust
17  (Exhibit C, ECF No. 9-3); (4) Corporation Assignment of Deed of Trust (Exhibit D,
18  ECF No. 9-4), and (5) Notice of Default (Exhibit E, ECF No. 9-5).[1]

19      On July 21, 2016, the Court issued an order granting Plaintiff a time extension
20  to file a response to the Motion to Dismiss.  (ECF No. 12).  On August 1, 2016, Plaintiff
21  filed a Response in Opposition to the Motion to Dismiss.  (ECF No. 13).  On August
22  8, 2016, Defendants filed a reply. (ECF No. 14).

23  **II. Allegations of the Complaint**

24      Plaintiff filed this Complaint in federal court on the basis of federal question
25  jurisdiction and supplemental jurisdiction "over the pendant state law claims."  (ECF

26

27      [1] The Court declines to take judicial notice of these documents at this point in the
28  proceedings .  *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir.
    2009)  (denying request for judicial notice where judicial notice would be
    "unnecessary").

No. 1 at ¶ 2).  On or around July of 2007 Plaintiff "purchased and financed" a piece of property at 925 Paseo La Cresta, Chula Vista, California, 91910 ("the Property") with Countrywide.  (ECF No. 1 at ¶ 13; Exhibit 1, ECF No. 1-2 at 5).  The Deed of Trust for the Property was recorded on or around July 23, 2007 at the San Diego County Recorder's Office. *Id.* at ¶ 14.  The Deed identifies "Plaintiff as 'Borrower' and trustor, identifying Countrywide as 'Lender,' and identifying [ReconTrust] as the 'Trustee.'" (ECF No. 1 at ¶ 14; Exhibit 1, ECF No. 1-2).  In a copy of the Deed included in Plaintiff's Complaint, Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as the "beneficiary under this Security Instrument."  (Exhibit 1, ECF No. 1-2 at 4).

Countrywide collapsed and Bank of America "purchased COUNTRYWIDE with all its debts and liabilities." *Id.* at ¶ 16.  "[P]aper work for the trust was never perfected" and "the banks, along with MERS, created a scheme of forging false documents allegedly, backdating some, and using robo-signers to sign documents, wherein they had never done the things they claimed were done." *Id.* at ¶ 17.  Bank of America "knew it did not have title nor standing to foreclose on this property." *Id.* at ¶ 18.  Bank of America "transferred the property to HSBC via a fraudulent transfer because the trust was closed by operation of law" and because Bank of America "never had authority under the deed of trust to do so." *Id.*  Bank of America "created a false document and recorded it on May 24, 2012."[2] *Id.*  "[T]he assignment is invalid and void *ab initio.*" *Id.* at ¶ 19.

Recontrust "filed a Notice of Default recorded right after the alleged assignment to HSBC." [3] *Id.* at ¶ 25.  This was "an attempt to cover their [tracks]" and "Recontrust knew fully well that the prior assignment it help[ed] create was false." *Id.*

Bank of America selected Nationstar as its loan servicer. *Id.* at ¶ 32.  "Plaintiff

---

[2] Plaintiff includes a copy of this alleged fraudulent assignment with his Complaint as Exhibit 2.  (Exhibit 2, ECF No. 1-2 at 26).

[3] Plaintiff includes a copy of the Notice of Default with his Complaint as Exhibit 5.  (Exhibit 2, ECF No. 1-2 at 5).

attempted to receive a loan modification under the Home Affordable Modification Program ('HAMP') . . . with NATIONSTAR . . . for the purposes of modifying certain terms of the Note and Deed of Trust." *Id.* at ¶ 21. Plaintiff did not sign the Loan Modification Agreement because the "mortgage payment amount was based on erroneous income." *Id.* at ¶ 21. "[A] new loan modification was offered, using, yet again, the same income as before." *Id.* at ¶ 22. "Defendant is either purposely denying the loan modification so that it can foreclose or is negligently processing the loan modification." *Id.* at ¶ 23.

"Although Plaintiff does not believe that defendants own his note or have the secured interest in his home, he is trying to avoid foreclosure by entering in a good faith loan modification with the appropriate principal reductions . . . [while] Defendants are doing everything they possibly can to foreclose on his property." *Id.* at ¶ 25. Plaintiff alleges that the actions by Defendants have had a "devastating impact on Plaintiff's health." *Id.* at ¶¶ 27-28. Plaintiff has "incurred needless attorney's fees, costs, and other expenses dealing with Defendants." *Id.* at ¶ 29.

"Defendant NATIONSTAR failed to acknowledge Plaintiff's Qualified Written Request by letter within FIVE (5) days...and failed [to] fully respond to the Qualified Written Request by letter within THIRTY (30) days." (ECF No. 1 ¶ 117). "Plaintiff's [QWR] was delivered to NATIONSTAR who never responded." *Id.* ¶ 118.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)

1   (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

2          "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements

4   of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5   (quoting Fed. R. Civ. P. 8(a)).   "To survive a motion to dismiss, a complaint must

6   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

7   plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

8   550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual

9   content that allows the court to draw the reasonable inference that the defendant is liable

10  for the misconduct alleged." *Id*. (citation omitted).   "[T]he tenet that a court must

11  accept as true all of the allegations contained in a complaint is inapplicable to legal

12  conclusions.   Threadbare recitals of the elements of a cause of action, supported by

13  mere conclusory statements, do not suffice." *Id*. (citation omitted).   "When there are

14  well-pleaded factual allegations, a court should assume their veracity and then

15  determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.   "In

16  sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content,

17  and reasonable inferences from that content, must be plausibly suggestive of a claim

18  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

19  2009) (quotations and citation omitted).

20  **III. Discussion**

21          **A. Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605(e)**

22          Plaintiff's seventh cause of action alleges Defendants violated the Real Estate

23  Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605(e).   Defendants contend

24  that Plaintiff's claim "must fail as violative of Rule 8 [of the Federal Rules of Civil

25  Procedure]" because Plaintiff does not allege any facts to support his conclusions.

26  (ECF No. 8 at 14).   Defendants contend that "Plaintiff fails to identify when he sent the

27  purported QWR, the date by which the response was due, whether the purported QWR

28  was actually within the statutory limits of a QWR, or whether it exceeded the

permissible inquiry under RESPA." *Id.* Defendants contend that Plaintiff's RESPA claim must fail pursuant to Rule 8 because it "offers no explanation or reasoning as to how any of the other multiple Defendants could be held liable by any non-response by Nationstar to Plaintiff's purported QWR." *Id.* at 8. Defendants contend that the RESPA claim must fail because Plaintiff "failed to allege any pecuniary loss . . . attributable to the claimed failure to respond to the alleged QWR." *Id.*

In his response, Plaintiff does not address Defendants' contention that the RESPA claim must fail. (ECF No. 13). Plaintiff requests leave to amend to "Clear Up Allegations Against All Defendants." *Id.* at 9.

"The Real Estate Settlement Procedures Act (RESPA) provides an action for damages against mortgage-loan servicers who fail to respond to certain types of inquiries from borrowers." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir. 2012). "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Id.* at 665 (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)). The duty of a loan servicer to respond to borrower inquiries is triggered by certain communications. *See id.* Section 2605(e) states,

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days(excluding legal public holidays. Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). The statute defines a QWR as follows:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).  "[U]nder § 2605(e), a borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for the belief ... that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower, and (3) seeks information relating to the servicing of [the] loan."  *Medrano*, 704 F.3d at 666 (quotations omitted).  "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making payments of principal and interest and such other payments with respect to the amount received from the borrower as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).  "'Servicing,' so defined, does not include the transactions and circumstances surrounding a loan's origination – facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement."  *Medrano,* 704 F.3d at 666-67.  Loan servicers have thirty days after the receipt of a QWR to respond to the borrower inquiry.  12 U.S.C. § 2605(e)(2).

If a loan servicer fails to comply with the provisions of 12 U.S.C. § 2605, a borrower is entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [12 U.S.C. § 2605], in an amount not to exceed $2,000."  12 U.S.C. § 2605(f)(1).  "Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim."  *Molina v. Wash. Mut. Bank*, No. 09-CV-894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010).  "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm."  *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09-1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted).   A plaintiff is only entitled to recover for the loss that relates to the RESPA violation.   *See Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Torres v. Wells Fargo Home Mortg., Inc.*, No. 10-4761, 2011 WL 11506, at *8 (N.D. Cal. Jan. 4, 2011).

1    Plaintiff brings the RESPA claim against all Defendants, but fails to allege any
2    facts providing a theory under which any Defendant other than Nationstar might be held
3    liable.  Plaintiff alleges that Nationstar is a loan servicer and accordingly would be
4    subject to RESPA.  (ECF No. 1 at 8).  However, Plaintiff fails to state facts sufficient
5    to support a reasonable inference that Plaintiff made a QWR to Nationstar requesting
6    "information relating to the servicing of [a] loan."  *See* 12 U.S.C § 2605(e).  Plaintiff
7    makes the conclusory statement that "Defendant NATIONSTAR failed to acknowledge
8    Plaintiff's Qualified Written Request by letter within FIVE (5) days . . . and failed [to]
9    fully respond to the Qualified Written Request by letter within THIRTY (30) days" but
10   fails to otherwise identify a specific communication that constitutes the QWR, the
11   contents of the communication, or the date Nationstar received the alleged QWR.  (ECF
12   No. 1   ¶ 117).   Plaintiff's only other statements in the Complaint regarding
13   communications to Nationstar allege that Plaintiff made some communications to
14   Nationstar regarding a loan modification under HAMP.  (ECF No. 1 at 6).  Plaintiff
15   does not allege that these constitute a QWR, nor does Plaintiff contend that the law
16   permits these to be construed as a QWR.  Nationstar's duty to respond under RESPA
17   is only implicated if Plaintiff sent a QWR that satisfies the requirements of section
18   2605(e).

19       Further, Plaintiff does not allege pecuniary damages arising from Nationstar's
20   alleged failure to respond to the QWR.  Plaintiff alleges that Defendants' actions have
21   caused some physical and emotional distress and that Plaintiff has "incurred needless
22   attorney's fees, costs, and other expenses dealing with Defendants."  (ECF No. 1 at ¶¶
23   27-29).  Plaintiff offers only conclusory statements that fail to plead pecuniary loss
24   relating to Nationstar's alleged RESPA violation.

25       The Court concludes Plaintiff fails to state a claim under section 2605(e) of
26   RESPA.  Defendants' Motion to Dismiss is granted with respect to the RESPA claim
27   against all Defendants.

28

1

**B.  Remaining State Causes of Action**

2       The remaining causes of action alleged by Plaintiff do not arise under federal law.

3   The Complaint states that this case is properly in federal court based on federal question

4   jurisdiction and that this Court has "supplemental jurisdiction over the pendant state law

5   claims because they form a part of the same case or controversy under Article III of the

6   United States Constitution, pursuant to 28 U.S.C. Section 1367."  (ECF No. 1 at 3).

7   The federal supplemental jurisdiction statute provides:

8           [I]n any civil action of which the district courts have original jurisdiction,
        the district courts shall have supplemental jurisdiction over all other
9       claims that are so related to claims in the action within such original
        jurisdiction that they form part of the same case or controversy under
10      Article III of the United States Constitution.

11   28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental

12   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all

13   claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c).

14       Having dismissed the only federal claim asserted by Plaintiff against Defendants,

15   the Court declines to exercise supplemental jurisdiction over the state law claim

16   pursuant to 28 U.S.C. § 1367(c).  *See San Pedro Hotel Co., Inc. v. City of Los Angeles*,

17   159 F.3d 470, 478 (9th Cir. 1998).

18   **V. Conclusion**

19       IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 8) is

20   GRANTED.  The Complaint (ECF No. 1) is dismissed without prejudice.  No later than

21   thirty (30) days from the date this Order is filed, Plaintiff may request a hearing date to

22   file a motion for leave to amend the Complaint.  If Plaintiff does not request a hearing

23   date, the Court will direct the Clerk of Court to close the case.

24   DATED:  November 3, 2016

25                                          *William Q. Hayes*

26                                    **WILLIAM Q. HAYES**
                                      United States District Judge

27

28